| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) ) CRYSTAL RIDGE SKI AREA, LLC, d/b/a ) THE ROCK SNOWPARK, ) ) Defendant. ) ) _____ ) | CIVIL ACTION NO. COMPLAINT JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to an aggrieved individual who was adversely affected by such practices. As alleged with greater particularity below, the Rock Snowpark, LLC d/b/a Crystal Ridge Ski Area, LLC ("Rock Snowpark" or "Defendant") discriminated against one of its employees ("Aggrieved Individual") when it discharged him because of his religion in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. Defendant is a winter sports park and an events venue in the warmer months.

5. At all relevant times, Defendant, a Wisconsin corporation, has continuously been doing business in the State of Wisconsin and the City of Franklin

6. At all relevant times, Defendant has continuously had at least 15 employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, EEOC Charge No. 443-2023-02821 was filed with the Commission alleging a violation of Title VII by Defendant Rock Snowpark.

9. On February 12, 2025, the Commission issued to Defendant Rock Snowpark a Letter of Determination finding reasonable cause to believe that Rock Snowpark violated Title VII by discharging the Aggrieved Individual on the basis of his religion.

10. The Commission invited Rock Snowpark to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On May 12, 2025, the Commission issued to Defendant Rock Snowpark a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. On or about June 12, 2023, Defendant Rock Snowpark engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1), affecting the Aggrieved Individual. In particular:

    a) The Aggrieved Individual was employed by Defendant beginning on or around January 2, 2022, as a seasonal Lift Operator.

    b) Defendant promoted the Aggrieved Individual to Lift Operations Manager in October 2022.

    c) Defendant did not issue any written discipline to the Aggrieved Individual for his performance during his employment, and the Aggrieved Individual received bonuses for his satisfactory performance and commendations for outstanding customer service and hard work.

d) The Aggrieved Individual is (and was at the time he worked for Defendant) a Christian.

e) On a personal social media account, the Aggrieved Individual frequently posted religious messages, including quotes from scripture and Bible verses, while he was employed by Defendant.

f) On or around June 9, 2023, Rock Snowpark's Operations Manager met with the Aggrieved Individual. Rock Snowpark's Operations Manager expressed concern to the Aggrieved Individual that some of the Aggrieved Individual's posts on the Aggrieved Individual's personal social media account were discriminatory to gay people and asked him to refrain from posting discriminatory statements. The Aggrieved Individual asked the Operations Manager if he could continue to post scripture, and the Operations Manager replied, yes.

g) On his personal social media account, the Aggrieved Individual did not identify himself as an employee of Rock Snowpark or indicate that he was representing the views of Rock Snowpark.

h) The Aggrieved Individual's social media posts were not directed to and did not refer to any employee of Rock Snowpark, and Rock Snowpark received no complaints from customers, vendors, or employees about the Aggrieved Individual's social media posts.

i) On or around June 12, 2022, the Aggrieved Individual posted another Bible verse on his personal social media.

j) Rock Snowpark discharged the Aggrieved Individual because of the June 12, 2022 social media post.

16. The effect of the practices complained of above has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of religion in violation of Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of religion, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole the Aggrieved Individual, by providing appropriate backpay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, in amounts to be determined at trial.

E. Order Defendant to make whole the Aggrieved Individual by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay the Aggrieved Individual punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

G. Order Defendant to pay prejudgment interest to the Aggrieved Individual.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

Dated: July 2, 2025　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　Andrew Rogers
　　　　　　　　　　　　　　　　　　　　　　Acting General Counsel

　　　　　　　　　　　　　　　　　　　　　　Christopher Lage
　　　　　　　　　　　　　　　　　　　　　　Deputy General Counsel

　　　　　　　　　　　　　　　　　　　　　　Gregory Gochanour
　　　　　　　　　　　　　　　　　　　　　　Regional Attorney

Justin Mulaire
Assistant Regional Attorney
EEOC Chicago District Office

/s/ Tina Burnside
Tina Burnside (WI Bar No. 1026965)
Senior Trial Attorney
EEOC Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
Telephone: (612) 552-7319
Email: tina.burnside@eeoc.gov


/s/ Anne Gallerano
Anne Gallerano (IL Bar No. 6332700)
Trial Attorney
EEOC Chicago District Office
230 S. Dearborn St., Ste. 2920
Chicago, IL 60604
Telephone: (312) 872-9669
Email: anne.gallerano@eeoc.gov