UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

Case No. 25-cv-0940-bhl

CRYSTAL RIDGE SKI AREA LLC,

Defendant.

---

# CONSENT DECREE

---

## THE LITIGATION

1. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a Complaint against Defendant Crystal Ridge Ski Area, LLC d/b/a The Rock Snowpark, LLC., ("Crystal Ridge Ski Area" or "Defendant") in the United States District Court for the Eastern District of Wisconsin for violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, alleging that Defendant discriminated against one of its employees ("Aggrieved Individual") when it discharged him because of his religion in violation of Title VII.

2. In the interest of resolving this matter, and after engaging in comprehensive settlement negotiations, Plaintiff and Defendant (collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to resolve the above-captioned action.

3. The Court has not made any findings on the claims or defenses of either party.

4. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the Plaintiff and shall be binding on the Plaintiff; Defendant; Defendant's directors, officers, agents, employees, successors, and assigns; and all persons in active concert or participation with Defendant.

## FINDINGS

5. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds that:

a) The Court has jurisdiction over the Parties and the subject matter of this litigation;

b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

c) The rights of the Parties, the Aggrieved Individual, and the public interest are adequately protected by this Decree;

d) Entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Aggrieved Individual, and the public; and

e) This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

**INJUNCTION AGAINST DISCRIMINATION**

6. Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from discharging employees because of their religion.

**POLICIES**

7. Within twenty (20) calendar days of the date of the entry of this Decree, Defendant shall adopt or affirm, and maintain during the Term of this Decree (see Paragraph 22), policies specifically prohibiting religious discrimination. Such policies and procedures shall, at minimum:

a) Explain employees' rights and employers' responsibilities under Title VII and this Decree with respect to the prohibition of discrimination based on religion;

b) Ensure that Defendant's policies, practices and programs provide equal employment opportunities regardless of religion;

c) Clearly describe a complaint process for employees who believe they have been subjected to religious discrimination that identifies both internal and external avenues for complaints, explaining how to file a complaint with Defendant, and stating that an employee may file a charge of discrimination with the EEOC and any state or local fair employment practices agency;

d) Ensure that employees who make complaints of discrimination, or who provide information related to complaints of discrimination are protected against retaliation;

e) Ensure that Defendant will take immediate and appropriate corrective action when it determines that religious discrimination has occurred.

8. No later than twenty (20) calendar days after the Effective Date of this Decree (see Paragraph 21), Defendant shall provide to the EEOC a copy of all policies and procedures related to religious discrimination. Such policies and procedures shall conform to the provisions of Paragraph 7 of this Decree.

9. No later than thirty (30) days after the Effective Date, Defendant shall distribute its policies to all employees and submit to the EEOC a statement confirming distribution of the policies to all employees.

10. Nothing in this Decree represents an endorsement by the EEOC or by the Court that either Defendant or any of its policies are in compliance with federal anti-discrimination laws.

**MONETARY RELIEF**

11. Within ten (10) business days of the approval of this Decree by the Court or within ten (10) business days after Defendant receives the Release, attached as Exhibit A, signed by the Aggrieved Individual, whichever is later, Defendant shall pay the Aggrieved Individual the total amount of $20,000.00 to resolve this case. The settlement amount will be allocated as $10,000.00 as back pay, and $10,000.00 as compensatory damages. The Aggrieved Individual will provide a Form W-4 at the time of providing an executed copy of the Release and, at the appropriate time, Defendant will provide a W-2 income tax form to the Aggrieved Individual for the amount representative of alleged back pay. Defendant will make all appropriate withholdings and employer tax contributions applicable to such amount. Defendant may not deduct the employer's share of applicable taxes from such amount. The Aggrieved Individual will provide a form W-9 at the time of providing an executed copy of the Release and, at the appropriate time, Defendant will provide a 1099 tax form for the payment allocated as representing alleged compensatory damages. Defendant shall send the Aggrieved Individual payment by electronic transmission of the funds to the Aggrieved Individual. The EEOC will provide account information when transmitting the signed copy of Exhibit A to Defendant. Defendant shall provide the EEOC with a receipt or other record showing electronic transmission of the funds to the Aggrieved Individual.

12. If any portion of the monetary relief is not paid to the Aggrieved Individual within ten (10) business days of the approval of this Decree by the Court or after Defendant receives a Release, attached as Exhibit A, signed by the Aggrieved Individual, whichever is later ("Unpaid Amount"), then for each business day beyond the tenth business day that such portion remains

unpaid, Defendant shall pay to the Aggrieved Individual, in the manner set forth above, an amount equal to the greater of $50.00 or 0.1% of the Unpaid Amount.

**POSTING OF NOTICE**

13. No later than twenty (20) calendar days after entry of this Decree, and continuously for the duration of this Decree, Defendant shall post copies of the Notice attached as Exhibit B to this Decree in conspicuous locations on bulletin boards or other physical spaces that are regularly used by Defendant for posting legal notices concerning employee rights in all its locations. No later than thirty (30) calendar days after entry of this Decree, Defendant shall certify to the EEOC in writing that the Notices have been properly posted in accordance with this Paragraph.

**RECORD KEEPING**

14. During the term of this Decree, Defendant must retain records of each complaint or report of religious discrimination, as well as all documents received or created as part of any investigation into a complaint or report of religious discrimination.

15. For each complaint or report of religious discrimination as described in Paragraph 14, above, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address, telephone number, and e-mail address; (b) the date of the complaint or report; (c) a written description of what was alleged; (d) the name and position of all employees who were made aware of the complaint or report; (e) a written description of the resolution or outcome, including a description of what actions, if any, Defendant took, and the name and position of all employees who were involved in any such actions taken; (f) if the complaint or report was made in written form, a copy thereof; and (g) all documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation.

**REPORTING**

16. Defendant shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after the entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

a) Copies of all records described in Paragraphs 14 and 15, above, for the six (6) month period preceding the Semi-Annual Report (or for the five (5) month period

preceding the final Semi-Annual Report), or a certification by Defendant that no complaints or reports of religious discrimination or requests for a religious accommodation were received during that period; and

b) A certification by Defendant that the Notice required to be posted pursuant to Paragraph 13 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report).

**TRAINING**

17. During the term of the Decree (see Paragraph 22, below), Defendant shall provide annual training to all employees, including owners, officers, managers, supervisors, and human resources employees. Such training shall cover the federal laws which prohibit employment discrimination, including religious discrimination under Title VII. The annual training shall be completed as part of Defendant's annual company meeting held in or about November of each calendar year during the Term of this Decree, and in any event no later than December 31 of each calendar year unless the parties agree otherwise in writing. Accordingly, the annual trainings conducted in calendar years 2026 and 2027 are subject to the requirements of this Decree (unless this Decree is entered after Crystal Ridge's 2026 annual training, in which case the annual trainings shall be conducted in calendar years 2027 and 2028). A registry of attendance shall be maintained for each training session required under this Paragraph.

18. Defendant shall notify the EEOC of its proposed trainer(s) and the content the trainer proposes to present before the commencement of any training session required under Paragraph 17, above. Defendant's human resources employee who has expertise in this subject matter can conduct the training. Defendant shall submit the name(s), address(es), telephone number(s), resume(s), and training proposal of their proposed trainer(s) (including copies of all materials proposed to be displayed, distributed, or otherwise presented) to the EEOC at least thirty (30) days prior to the proposed date of each training session.

19. No later than ten (10) business days after each training session described in Paragraph 17 above takes place, Defendant shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each

person trained; (c) a current list by name, position, and location of all the employees subject to the training requirement, specifically denoting any employees who did not receive the training; and (d) copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC. If the training session described in Paragraph 17 above is part or is a subset of a larger training session for its employees, Defendant's certification should state the duration of the training specifically devoted to the training session described in Paragraph 17. Defendant shall provide makeup training for any individuals who miss the initial training session within ten (10) business days of the initial training session, or as soon as reasonably practicable given the nature of Defendant's business, but no later than 30 days after the initial training and inform the EEOC of the same within five (5) business days after the makeup training is completed.

**DISPUTE RESOLUTION**

20. If the EEOC, during the term of this Decree, believes that Defendant has not complied with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged noncompliance and shall afford Defendant ten (10) business days to remedy the noncompliance or satisfy the EEOC that Defendant has complied. If within ten (10) business days Defendant has not remedied the alleged noncompliance or satisfied the EEOC that it has complied, the EEOC may apply to the Court for relief, including modification of this Decree or any other relief that the Court determines to be appropriate. In resolving any dispute with regard to Defendant's compliance with any provision of this Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for noncompliance.

**TERM OF THE DECREE**

21. The provisions of this Decree are effective immediately upon the date it is entered by the Court (the "Effective Date").

22. This Decree shall remain in effect for a period of two (2) years immediately following the entry of the Decree ("Term") unless extended by order of this Court. No party will contest the validity of this Decree or that the Court has jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein for the duration of this Decree.

23. If any disputes under Paragraph 20 remain unresolved at the end of the term of the Decree, the term of the Decree shall be automatically extended and the Court will have jurisdiction of this matter to enforce the Decree until such time as all such disputes have been resolved.

**MISCELLANEOUS PROVISIONS**

24. Each party to this Decree shall bear its own expenses, attorneys' fees, and costs, except as otherwise indicated in this Decree.

25. The terms of this Decree are and shall be binding on the present and future owners, directors, officers, managers, agents, successors, and assigns of Defendant. Prior to any sale or other transfer of any Defendant's business or sale or other transfer of all or a substantial portion of any of Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

26. When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an owner, officer, or management employee of Defendant to the best of such owner's, officer's, or management employee's knowledge, information, and belief.

27. Defendant shall require personnel within its employment, upon request by the EEOC, to cooperate reasonably with, and to be interviewed by, the EEOC for purposes of verifying compliance with this Decree.

28. Defendant agrees that the receipt of monetary relief shall not be conditioned on any matter not expressly set forth in this Decree. In particular, monetary relief is not conditioned on the agreement of the Aggrieved Individual to: (a) maintain as confidential the facts and/or allegations underlying the charge, his complaints, or the terms of this Decree; (b) waive any statutory rights to file any future charge with any governmental agency; (c) refrain from reapplying for a job with Defendant or any successor of Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement. The EEOC may be required to report the fact of this settlement to the Internal Revenue Service ("IRS") under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

a) The Defendant's EIN is: 82-2110545

b) The individual to whom the EEOC should mail a copy of the form 1098-F, if required to do so, is:

Name: Mark Johnson, CPA

Mailing Address: Spurlock, Runyan, Miller & Associates
1121 W. Valley Road
Appleton, WI 54915

29. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be sent by electronic mail to Anne.Gallerano@eeoc.gov and CDO_decrees@eeoc.gov, or to such other electronic mail address as the EEOC may later designate in writing.

**MODIFICATION AND SEVERABILITY**

30. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing.

31. If one or more provisions of the Decree are deemed unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved with the remaining provisions.

Dated at Milwaukee, Wisconsin on September 28, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

AGREED TO IN FORM AND CONTENT:

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Catherine Eschbach
Acting General Counsel

Christopher Lage
Deputy General Counsel
131 M. Street NE
Washington, DC 20507

Gregory Gochanour
Regional Attorney

Justin Mulaire
Assistant Regional Attorney
U.S. Equal Employment Opportunity Commission
230 S. Dearborn St., Ste. 2920
Chicago, IL 60604

s/ *Tina Burnside*
Tina Burnside
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
Telephone: (612) 552-7319
Email: tina.burnside@eeoc.gov

*s/Anne Gallerano*
Anne Gallerano
Trial Attorney
U.S. Equal Employment Opportunity Commission
230 S. Dearborn St., Ste. 2920
Chicago, IL 60604
Telephone: (312) 872-9669
Email: anne.gallerano@eeoc.gov

ATTORNEYS FOR PLAINTIFF

**WALCHESKE & LUZI, LLC**

*s/ James A. Walcheske*

James A. Walcheske, State Bar No. 1065635
Walcheske & Luzi, LLC
1200 N. Mayfair Road, Suite 270
Wauwatosa, WI 53226
Telephone: (262) 780-1953
Email: jwalcheske@walchesluzi.com

ATTORNEYS FOR DEFENDANT

**EXHIBIT A**

**RELEASE AGREEMENT**

In consideration of $20,000 to be paid to me by Defendant in connection with the resolution of *EEOC v. Crystal Ridge Ski Area, LLC. d/b/a The Rock Snowpark LLC.,* No. 2:25-cv-00940 BHL (E.D. Wis.), I waive my right to recover for any claims of religious discrimination under Title VII of the Civil Rights Act of 1964 that I had against Defendant on or before the date of this release and that were included in the claims in the EEOC's complaint in *EEOC v. Crystal Ridge Ski Area, LLC. d/b/a The Rock Snowpark LLC.*, No. 2:25-cv-00940 BHL (E.D. Wis.).

Signed: ________________________                    Date: ____________

# EXHIBIT B

## NOTICE TO CRYSTAL RIDGE EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by the federal court in the Eastern District of Wisconsin resolving a lawsuit filed by U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant Crystal Ridge Ski Area ("Crystal Ridge"), *EEOC v. Crystal Ridge Ski Area, LLC. d/b/a The Rock Snowpark LLC.*, No. 2:25-cv-00940 BHL (E.D. Wis.).

In this lawsuit, the EEOC alleged that Crystal Ridge violated Title VII of the Civil Rights Act of 1964 by discharging an employee because of his religion. The Court has not made any findings on the claims or defenses of either party.

Pursuant to this Consent Decree, the parties have agreed, among other things, that:

1. Crystal Ridge will pay the former employee alleged lost wages and other damages;

2. Crystal Ridge is enjoined from terminating employees based on religion; and

3. Crystal Ridge will adopt and distribute a policy related to religious discrimination and provide training to its employees on the policy and the requirements of Title VII.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment, pregnancy, sexual orientation, gender identity), religion, national origin, age, disability, genetic information, and retaliation. Further information about the EEOC and these laws is available on the EEOC's website at: www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact the EEOC by phone at 414-662-3680 or by TTY at 1-800-669-6820. The EEOC charges no fees.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed by email to CDO_decrees@eeoc.gov.

Dated at Milwaukee, Wisconsin on September 28, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge